UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BAHRAM NASSERIZAFAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1534-WTL-DKL |
| ) | |
| INDOT, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This Cause is before the Court on the Defendant's motion to dismiss (docket no. 16). The motion is fully briefed, and the Court, being duly advised, rules as follows.

### I.  STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

### II.  BACKGROUND

The relevant facts as alleged in the Complaint are as follow. Plaintiff Bahram Nasserizafar began working for INDOT in September 1989 as a highway engineer and his employment continues to this day. During his tenure, he has worked as a pavement design

engineer and a highway design engineer. He has worked under many supervisors and directors, many of whom provided him performance reviews that were not, in Mr. Nasserizafar's opinion, reflective of his actual work performance. Mr. Nasserizafar believes that he was poorly reviewed on account of his national origin, Iranian. He believes that he suffered emotional harassment during his tenure with INDOT as a result of his national origin and he believes he was denied leave to visit his ailing mother for the same reason. He alleges that the poor treatment he suffered culminated in a mental breakdown and subsequent diagnosis of Major Depressive Disorder. As a result, Mr. Nasserizafar seeks wage compensation, compensatory damages for the emotional harm he has suffered, and the creation of a position titled "Senior Highway Technical Advisor I," to which post he would be appointed.

Additional detailed facts are presented in the analysis below where appropriate.

### III.   DISCUSSION

Mr. Nasserizafar alleges the forgoing acts of INDOT violated his civil rights as embodied in the Americans with Disabilities Act; 42 U.S.C. § 1981; 18 U.S.C. § 242; the Equal Pay Act of 1963; and Title VII of the Civil Rights Act of 1964.[1] The Court addresses Mr. Nasserizafar's claims by statute below.[2]

---

[1] Mr. Nasserizafar also invokes the Civil Rights Act of 1991, which amended Title VII, but does not provide a separate right of action distinct from Title VII. *See, e.g.*, *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 959-60 (7th Cir. 2010). The Court need not, therefore, separately address his claim under this statute.
   Likewise, Mr. Nasserizafar invokes "Title VII, 1981 Act." The Court is unfamiliar with this statute; it assumes Mr. Nasserizafar references Title VII and 42 U.S.C. § 1981, which the Court addresses separately in the following discussion.

[2] INDOT urges the Court to dismiss Mr. Nasserizafar's complaint on the grounds that it is not a short, plain statement of his claim, but rather a long and overly-detailed twenty-three page narrative. The Court declines to dismiss Mr. Nasserizafar's claim on this basis.

### A.  ADA and 42 U.S.C. § 1981

Mr. Nasserizafar alleges that INDOT violated the ADA and 42 U.S.C. § 1981 and seeks compensatory damages as a result of these violations. However, as a state agency, INDOT enjoys immunity from suit for money damages under these provisions. *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360, 374 n.9 (2001) (ADA); *Hearne v. Bd. of Educ. of Chicago*, 185 F.3d 770, 776 (7th Cir. 1999) (§ 1981). Contrary to Mr. Nasserizafar's assertions, the fact that Mr. Nasserizafar may seek compensatory, rather than punitive, damages does not abrogate the state's immunity. As a result, INDOT is entitled to a dismissal of Mr. Nasserizafar's claims under the ADA and § 1981.

### B.  18 U.S.C. § 242

In his Complaint, Mr. Nasserizafar also alleges violations of 18 U.S.C. § 242. INDOT moves to dismiss this count on the ground that it is a criminal statute that provides no private right of action. In response, Mr. Nasserizafar clarifies his intention that this claim be an alternative to his Title VII claim, inasmuch as the parties should "collectively ascertain during a pretrial conference and make a final and just decision in order to select wisely which option is most beneficial for all parties and the State involved in this case" – that is, "call [his claims] under a different cause or file [them] as a separate criminal charge."

The law does not work the way Mr. Nasserizafar suggests. As a private citizen, Mr. Nasserizafar does not have the authority to bring criminal charges against third parties. Furthermore, he may not bring a civil suit against a third party asserting violations of a criminal statute unless that statute provides him a separate private right of action to do so. The statutory section invoked here imposes a fine, incarceration, or both on persons who "under color of any law . . . willfully subject[ ] any person . . . to the deprivation of any rights, privileges, or

immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens." 18 U.S.C. § 242. However, it does not provide a private right of action for damages. *E.g.*, *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989). Accordingly, Mr. Nasserizafar's claim for a violation of § 242 fails.

### C.  Equal Pay Act

In his Response, Mr. Nasserizafar clarifies that he "alleges [a] violation of [the] Equal Pay Act with respect to both sexes," as he alleges that "both female employees as well as male employees having the same [or higher] rank as [Mr. Nasserizafar] . . . [performed] the same activity . . . but were paid higher wages than [Mr. Nasserizafar]." An Equal Pay Act claim requires disparate payment on the basis of sex, 29 U.S.C. § 206(d)(1), but Mr. Nasserizafar's Response clarifies that female and male employees at INDOT were paid the same amount, albeit a greater amount than he was paid. Sex, therefore, cannot be the basis of the wage differential allegedly suffered by Mr. Nasserizafar here. Accordingly, Mr. Nasserizafar's claim under the Equal Pay Act must be dismissed.

### D.      Title VII

Finally, Mr. Nasserizafar claims that INDOT violated Title VII because it discriminated against him on the basis of his race when it gave him less-than-satisfactory performance reviews that created a hostile working environment. INDOT contends that the majority of actions of which Mr. Nasserizafar complains are barred by the applicable 300 day statutory period and that the remaining acts are not discriminatory, adverse actions. In response, Mr. Nasserizafar asserts that (1) INDOT's violation has been a continuing action; and (2) the statutory period should be tolled as a result of his Major Depressive Disorder.

A party complaining of a discriminatory act must file a charge within 300 days of the date of the act or lose the ability to recover for it. 42 U.S.C. § 2000e-5(e); *Nat'l R. R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). However, in the case of an alleged hostile environment, as opposed to alleged discrete acts of discrimination, the entirety of the hostile environment time period may be considered for purposes of determining liability, so long as an act contributing to the claim occurs within the filing period. *Morgan*, 536 U.S. at 117 (explaining that a hostile work environment claim is composed of a series of acts that collectively constitute one unlawful employment practice).

In his response to the instant motion, Mr. Nasserizafar alleges that he suffered such an ongoing hostile work environment. However, INDOT argues that Mr. Nasserizafar may not pursue a claim for hostile work environment in this Court, as he did not raise a claim of "continuing [discriminatory] action" before the EEOC.

As a preliminary matter, INDOT is incorrect in its assertion that whether Mr. Nasserizafar checked the "Continuing Action" box on the EEOC charge form – he did not – is dispositive. A Title VII plaintiff may bring only those claims that (1) were included in his EEOC charge, or (2) are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Swearnigen–El v. Cook Cnty. Sheriff's Dep't,* 602 F.3d 852, 864 (7th Cir. 2010). The purpose of this requirement is to give employers warning of the claims brought against them and permit the agency and employer to resolve the claims without resort to the courts. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992). Accordingly, a plaintiff may include a claim in his EEOC charge by checking the appropriate box on the form, but courts will also look to the underlying factual statements in the charge to determine its scope. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864-66 (7th Cir. 1985) ("An EEOC complaint

contains factual statements only, which may implicate several different types of illegal discrimination."); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 168–69 (7th Cir. 1976) (discussing cases in which courts looked to underlying factual statements); *EEOC v. World's Finest Chocolate, Inc.,* 701 F. Supp. 637, 640 (N.D. Ill. 1988) (looking to "factual narrative of the charge" to find that plaintiff included sex discrimination in EEOC charge). The standard for reviewing an EEOC charge is that of "utmost liberality," a standard necessary to "effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Babrocky*, 773 F.2d at 865-66. As an initial matter, then, Mr. Nasserizafar's claim is not subject to dismissal simply for failure to check the appropriate box.

INDOT argues in the alternative that, even if Mr. Nasserizafar has brought a claim for a continuing hostile environment, he does not allege an action within the filing period that contributes to that environment.[3] The alleged discriminatory acts occurring during the filing period include:

On February 27, 2012, Mr. Nasserizafar requested reconsideration of his past performance appraisals. In response, Deputy Commissioner Jay Wasson "harshly criticized," "disrespected," and "threatened" Mr. Nasserizafar. Specifically, Mr. Wasson warned Mr. Nasserizafar that he was "lucky to still have a job with the State without a P.E. license [an engineering license]." Mr. Nasserizafar replied that the agency does not have a policy for hiring or terminating non-P.E. employees.

---

[3] The Court is not convinced that Mr. Nasserizafar has alleged in substance an ongoing hostile environment, rather than a series of discrete discriminatory acts, *see Morgan*, 536 U.S. at 113-14; *Lapka v. Chertoff*, 517 F.3d 974, 982 (7th Cir. 2008), but it takes its lead from INDOT, which does not challenge Mr. Nasserizafar on the legal characterization of his claim.

On March 7, 2012, Mr. Nasserizafar met with human resources representative Ricky Fox regarding his performance reviews. Mr. Fox told Mr. Nasserizafar that he was "wasting [his] time by asking for a revision to [his] appraisals as [he had] already received . . . satisfactory at meet[s] expectation[ ] reviews and hence, [and] it would be an uphill battle trying to improve these appraisals to a higher level."

On March 21, 2012, Mr. Nasserizafar emailed INDOT Chief Counsel Mark Ahearn and requested reconsideration and an upgrade to his appraisals, as well as wage compensation as a result of his prior performance reviews. Mr. Ahearn did not reply to Mr. Nasserizafar. However, on March 22, 2012, human resources representative Kimberly Pearson stopped by Mr. Nasserizafar's cubicle and inquired about Mr. Nasserizafar's email to Mr. Ahearn. Mr. Nasserizafar requested a private meeting to discuss the matter, and a meeting was scheduled for April 3. Mr. Nasserizafar and Ms. Pearson met on April 3, at which time Mr. Nasserizafar informed her that he had already filed a charge of discrimination against INDOT.

The alleged discriminatory acts thus consist of two refusals to correct prior performance appraisals. If Mr. Nasserizafar's repeated poor performance appraisals and the emotional harassment he suffered constitute a hostile working environment[4] – a point INDOT does not contest – then a supervisor's refusal to correct those performance appraisals may be an act contributing to that environment.

However, in conducting this analysis, INDOT loses sight of the forest for the trees. At bottom, Mr. Nasserizafar must allege that the basis for the alleged discriminatory actions is his national origin. In support of this allegation, Mr. Nasserizafar points to one statement from summer 1990 during Desert Storm when his former supervisor, Mr. Andrewski, shouted, "We

---

[4] At this stage, the Court expresses no judgment on the merits of this claim.

7

should nuke Iran and Iraq both!" Mr. Nasserizafar points to no other statements, actions, or suspicious events that suggest that any other supervisor harbored any animus toward Iran or Mr. Nasserizafar as an Iranian. And the Court does not believe that, contrary to Mr. Nasserizafar's assertions, anti-Iranian sentiment is like an ultra-contagious, super-resilient virus, capable of being passed supervisor to supervisor to supervisor simply through conversation; the Court believes that immunities exist strong enough to fight off such baseless animosity. Under *Twombly*, Mr. Nasserizafar must allege discrimination based on national origin with sufficient detail to raise his claim above a speculative level. He has not done so. It is just as likely that Mr. Wasson and Mr. Fox denied Mr. Nasserizafar's requests for the reasons stated as it is that they harbored some animus toward him as an Iranian. Accordingly, Mr. Nasserizafar's claim for discrimination under Title VII is dismissed.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendant INDOT's motion to dismiss is **GRANTED.** This dismissal is with prejudice to Mr. Nasserizafar's claims under the Americans with Disabilities Act; 42 U.S.C. § 1981; 18 U.S.C. § 242; and the Equal Pay Act of 1963.

This dismissal is without prejudice to Mr. Nasserizafar's ability to amend his complaint to make the necessary allegations in support of his Title VII claim, if the facts support them. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (district courts routinely do not terminate a case at the same time that they grant a defendants motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint.); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d

---

[5] Because Mr. Nasserizafar's claim fails for failure to allege national origin discrimination above a speculative level, the Court need not address whether the filing period would be tolled by Mr. Nasserizafar's Major Depressive Disorder.

682, 687 (7th Cir. 2004) (better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears). In other words, if Mr. Nasserizafar is aware of facts suggesting that Mr. Wasson and/or Mr. Fox denied his requests for reconsideration of his appraisals on the basis of his national origin, he may be granted leave to amend his complaint to add those facts. Leave shall be granted for this limited purpose only.

Accordingly, if Mr. Nasserizafar wishes to seek leave to file amended Title VII claim allegations regarding Mr. Wasson or Mr. Fox, he shall file the appropriate motion **by Friday, March 22, 2013**. If Mr. Nasserizafar seeks leave, he shall include with his motion for leave a copy of his proposed amended complaint. If no such motion is filed by that date, the Court will enter final judgment dismissing Mr. Nasserizafar's Title VII claim with prejudice.

Finally, Mr. Nasserizafar is reminded of his obligation to pay this Court's filing fee in monthly installments of $50. The Court will not grant Mr. Nasserizafar leave to amend his complaint until his account is current.

SO ORDERED: 03/01/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

**Copy by United State mail to**     Mr. Bahram Nasserizafar
565 Meadow Court
Zionsville, IN 46077

9