UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BAHRAM NASSERIZAFAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1534-WTL-DKL |
| ) | |
| INDOT, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON PLAINTIFF'S MOTION TO VACATE AND RECUSE

This Cause is before the Court on the Plaintiff's Motion to Vacate and Recuse (docket no. 24). In this motion, the Plaintiff requests that the Court vacate its Entry on the Defendant's motion to dismiss and the undersigned recuse himself – and disqualify Magistrate Judge Denise K. LaRue – on the basis of alleged bias against the Plaintiff. The Court rules as follows.

### I.  STANDARD

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

In the same vein, any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 544. This provision recognizes that "[a] judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Model Code of Judicial Conduct Canon 1.

## II.   BACKGROUND

On March 1, 2013, this Court granted the Defendant's motion to dismiss as to each count alleged by Plaintiff Bahram Nasserizafar. Mr. Nasserizafar's claims stemmed from an alleged hostile working environment at INDOT, where Mr. Nasserizafar worked for nearly twenty-four years.[1] Mr. Nasserizafar alleged that INDOT violated his civil rights as embodied in the Americans with Disabilities Act; 42 U.S.C. § 1981; 18 U.S.C. § 242; the Equal Pay Act of 1963; and Title VII of the Civil Rights Act of 1964. The Court dismissed all but the Title VII claim with prejudice; as to the Title VII claim, Mr. Nasserizafar was afforded the opportunity to amend his complaint to allege additional facts supporting his Title VII claim. Mr. Nasserizafar's initial complaint alleged discrimination on the basis of his national origin, Iranian, but he pointed to only one incident that even arguably took on a discriminatory tone: in summer 1990 during Desert Storm, Mr. Nasserizafar's former supervisor, Mr. Andrewski, shouted, "We should nuke Iran and Iraq both!" In the instant motion, Mr. Nasserizafar points to an additional fact in support of his national origin claim, which is addressed below. In addition, Mr. Nasserizafar takes issue with the Court's Entry and points to specific sections that he alleges are evidence of the Court's prejudice against the Plaintiff and favor of the Defendant.[2]

## III.   DISCUSSION

### A. Recusal

Mr. Nasserizafar argues that, under § 144, the Court has no discretion to deny the motion to disqualify because Mr. Nasserizafar has filed an affidavit questioning its impartiality. Recusal

---

[1] The Court's initial Entry provided that Mr. Nasserizafar continued to be employed by INDOT. Mr. Nasserizafar clarifies in the instant motion that his employment with INDOT was terminated on January 14, 2013.

[2] The Court notes that Mr. Nasserizafar also seeks the disqualification of Magistrate Judge LaRue, although Mr. Nasserizafar has pointed to no evidence that Judge LaRue is prejudiced against him. It seems she must be guilty by association with me. However, this superficial basis is insufficient to warrant disqualification.

under § 144 is mandatory, but not automatic. This means that, while the Court must assume the truth of the facts stated in the affidavit, it may nevertheless assess the affidavit's legal sufficiency. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). "[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient. . . . The affidavit also must show that the bias is personal rather than judicial, and that it stems from an extrajudicial source—some source other than what the judge has learned through participation in the case." *Id.* The statute must be strictly construed to prevent abuse. *Id.*

With this standard in mind, the Court turns to the facts averred in Mr. Nasserizafar's affidavit:

1. The Court did not respond to his question whether it was "against the law to tamper and or modify an employee's record during an EEOC investigating charges without his or her consent."

2. The Court is obligated to rule on the motion based on its merits and has denied Mr. Nasserizafar the opportunity to have his motion heard.

3. The Court has not fully appreciated the fact that Mr. Nasserizafar has alleged that the EEOC mishandled Mr. Nasserizafar's claim of discrimination. Mr. Nasserizafar believes "the reason why both [the Court] and the E.E.O.C. is avoiding a respond to this concern is because [the Court] know[s] that if [the Court] concur[s] with the Plaintiff's alleged accusation of obstruction to justice by the Defendant's conduct during the E.E.O.C. investigation, then the Defendant will lose its merits on the Motion to Dismiss plea."

4. The Court should have found that INDOT discriminated against Mr. Nasserizafar.

5. The Court ignored the allegations of harassment raised in Mr. Nasserizafar's surreply brief to the Defendant's motion to dismiss.

6. The Court ignored the fact that discriminatory practices can include constructive discharge.

7. The Court did not properly apply the Equal Pay Act.

8. The Court is mistaken insofar as Mr. Nasserizafar "may bring criminal charges against INDOT if compelled to do so under 18 U.S.C. § 242 rights."

9. The Court did not address Mr. Nasserizafar's Major Depressive Disorder as it affects the statute of limitations.

10. The Court misunderstood that Mr. Nasserizafar alleges ADA violations when he does not.

11. The Court did not afford Mr. Nasserizafar an opportunity for an in-person hearing during which time he could have cleared up the existing ambiguities in his complaint.

12. The Court did not fully appreciate the ongoing hostile environment Mr. Nasserizafar suffered at INDOT.

13. The Court did not address Mr. Nasserizafar's claim for retaliation based on having previously filed a complaint of racial discrimination.

14. Granting leaving to amend a mere "0.1%" of the complaint is a "near total contradiction" of the pleading requirements.

15. The Court has failed to appreciate the unique facts of each case and instead has "downgraded" Mr. Nasserizafar's complaint by reference to 53 other, factually dissimilar, cases.

Mr. Nasserizafar also seeks a response to his question: "If the Plaintiff does not have the authority to sue INDOT for compensatory damages, then why EEOC should direct or provide false statue for the Plaintiff to execute?"

Assuming, as the Court must, the truth of each of these averments, the Court nevertheless finds that recusal is not warranted. The issues raised by Mr. Nasserizafar as detailed above arise from his disagreement with the Court's Entry, his misunderstanding of the Entry, or a misunderstanding of the legal process. None are a proper basis for recusal. Accordingly, Mr. Nasserizafar's motion is denied.

### B.  Title VII Claim

In the instant motion, Mr. Nasserizafar explains that his car was subjected to vandalism during the Desert Storm Crisis "as a result on the ongoing hostility through out the nation." The Court does not doubt that Mr. Nasserizafar suffered unfounded hostility during this time. However, there is no indication that anyone at INDOT was involved in this incident of vandalism. This fact is therefore insufficient to support Mr. Nasserizafar's Title VII claim.

### IV.   CONCLUSION

For the foregoing reasons, the Plaintiff's motion to vacate and recuse is **DENIED**. The Plaintiff having failed to come forward with additional facts to support his Title VII claim, final judgment shall now issue.

SO ORDERED:     03/28/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

**Copy by United State mail to**     Mr. Bahram Nasserizafar
565 Meadow Court
Zionsville, IN 46077

5